# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

HELEN R. HESTER,                )
                                )
            Plaintiff,           )
                                )
v.                              )   Case No. CIV-11-310-JHP
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Helen R. Hester (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 19, 1949 and was 61 years old at the time of the ALJ's decision. Claimant obtained her GED, one semester of college, and vocational training as a secretary and certified nurse aide. Claimant has worked in these capacities in the past. Claimant alleges an inability to work beginning March 4,

2009 due to limitations resulting from type II diabetes, hypertension, asthma, anemia, ulcers, gastritis, cervical and lumbar degenerative disc disease, visual problems, right foot deformities, anxiety, depression, and adjustment disorder with depressed mood.

## Procedural History

On May 26, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 26, 2010, an administrative hearing was held before ALJ Trace Baldwin in Paris, Texas. On September 24, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On July 27, 2011, the Appeals Council declined to review the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a

secretary and teacher's aide.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to perform a proper step four analysis; and (2) failing to discuss uncontroverted and significantly probative evidence that conflicted with the ALJ's findings.

**Step Four Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, hypertension, degenerative disc disease of the cervical and lumbar spine, and asthma. (Tr. 11). He found that Claimant retained the RFC to lift and/or carry 10 pounds occasionally and 5 pounds frequently, to stand and/or walk for 2 hours in an 8 hour workday, and to sit for 6 hours in an 8 hour workday. The ALJ imposed the additional limitations of Claimant only occasionally stooping and avoiding exposure to dust, fumes, odors, gases, changes in temperature, and other respiratory irritants. (Tr. 18). After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a secretary and teacher's aide. (Tr. 18).

Claimant asserts the ALJ committed error in determining she could perform her past relevant work at step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess

5

three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ fulfilled this obligation.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the physical demands of Claimant's past relevant work but not the mental demands. (Tr. 41-48).

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. On July 28, 2009, a Psychiatric Review Technique form was completed on Claimant by Dr. Karen Kendall. Claimant was mildly limited in the areas of restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 352). Additionally, a mental status examination from June 29, 2010 by Dr. Beth Feir indicated a depressed and tearful mood and affect, suicidal thoughts and low energy level. (Tr. 394). Dr. Feir found Claimant suffered from Adjustment Disorder with depressed mood with

a GAF of 55. (Tr. 395). Without analyzing the mental demands of Claimant's past relevant work, it is not possible for the ALJ to have determined whether Claimant could meet the job demands of each. As a result, the ALJ will be required on remand to obtain further information concerning the mental requirements of Claimant's past relevant work and Claimant's ability to perform the functions of those jobs.

## Discussion of the Evidence

Claimant next contends the ALJ erred in failing to discuss her mental limitations or restrictions in the record such as the requirement that she alternate sitting and standing or her limited cervical movement. Claimant also identifies several pieces of disconnected medical evidence which she contends the ALJ should have discussed. Most disturbing of these omissions are the physical limitations set forth in the July 24, 2009 report of Dr. Terry Kilgore. (Tr. 326-29). On remand, the ALJ shall consider this evidence in his RFC evaluation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE